**TENNESSEE GAS TRANSMISSION COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent, et al., Intervenors.**

No. 17126.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 11, 1963.

Decided July 18, 1963.

Mr. Melvin Richter, Washington, D. C., with whom Messrs. Harry S. Littman, Jack Werner, W. C. Braden, Jr., and Dale A. Wright, Washington, D. C., were on the brief, for petitioner.

Miss Josephine H. Klein, Atty., Federal Power Commission, with whom Messrs. Richard A. Solomon, Gen. Counsel, and Howard E. Wahrenbrock, Sol., Federal Power Commission, were on the brief, for respondent.

Mr. James J. Flood, Jr., Houston, Tex., with whom Mr. Alfred C. DeCrane, Jr.,

Houston, Tex., was on the brief for intervenor, Texaco Inc.

Mr. William W. Ross, Washington, D. C., with whom Messrs. J. David Mann, Jr., and John E. Holtzinger, Jr., Washington, D. C., were on the brief, for intervenor, The United Gas Improvement Co., argued for intervenors, Philadelphia Electric Co., The United Gas Improvement Co., and Long Island Lighting Co.

Mr. James H. Littlehales, Washington, D. C., was on the brief for intervenor, Gulf Oil Corp.

Messrs. Bernard A. Foster, Jr., and Sherman S. Poland, Washington, D. C., were on the brief for intervenor, Atlantic Refining Company.

Messrs. Robert E. May and Omar L. Crook, Washington, D. C., were on the brief for intervenor, Sun Oil Co.

Messrs. George D. Horning, Jr., Patrick G. Sullivan and Harry L. Albrecht, Washington, D. C., were on the brief for intervenor, Union Oil Co. of California.

Messrs. David K. Kadane and Bertram D. Moll, Mineola, N. Y., were on the brief for intervenor, Long Island Lighting Co. Mr. Frederick Moring, Washington, D. C., also entered an appearance for intervenors, Long Island Lighting Co., Philadelphia Electric Co., and The United Gas Improvement Co.

Before BAZELON, Chief Judge, and FAHY and WASHINGTON, Circuit Judges.

BAZELON, Chief Judge.

This case is related to the Pan American Petroleum cases,[1] decided today. There we upheld the Commission's sua sponte action in (1) reopening its order of May 29, 1961 which required gas producers to refund to their pipeline purchasers only such amounts, of the moneys collected as costs of an invalid Louisiana State tax, as the producers claimed and

received in refunds from the State, and (2) entering a corrected order on March 5, 1962 which required producers to refund all moneys collected from pipeline purchasers without limitation to the amounts which producers claimed and received in refunds from the State.[2]

In the present petition for review, Tennessee Gas Transmission Co., a pipeline purchaser, challenges the Commission's further action, in the corrected order of March 5, 1962, which denied the benefits of that order to all purchasers who had not sought rehearing of the order of May 29, 1961, and denied certain of their applications for intervention as untimely.

Tennessee was named in the original suspension orders, issued during July and August 1958, fixing the obligation of the producers to make refunds in the event the tax collected from purchasers should be declared invalid. And under the order of February 21, 1961, which was entered after the tax had been invalidated, Tennessee was entitled to refunds as were all other purchasers affected by the rate increase. Thereafter, the Commission, sua sponte,[3] reopened *all* proceedings, and on May 29, 1961 issued its order under which all purchasers were denied the right to refunds from producers who had not, in turn, sought and received refunds from the State of Louisiana. This pattern of considering all four hundred dockets as a single unit continued through the Commission's order of August 30, 1961, wherein the Commission stated:

> [W]e shall reopen sua sponte these proceedings in order to insure consistency in whatever action we may take with respect to the issues involved herein.

Tennessee was specifically named as a purchaser in twenty-two of the reopened dockets.

---

1. Pan American Petroleum Corp. v. Federal Power Comm.. 116 U.S.App.D.C. ——, 322 F.2d 999 (decided July 18, 1963).

2. The Commission's brief described the order of March 5, 1962 as "merely a reversion to a previously well-established

rule after an errant, misguided departure therefrom in the May 29, 1961, order."

3. Applications for rehearing on the February 21 order were filed in only about 70 of the 400 dockets.

On November 6, 1961, however, the Commission published the following notice:

Take notice that notices of intervention or petitions to intervene may be filed in any of the above-entitled proceedings with [the] Commission * * * on or before November 30, 1961.

Pursuant thereto Tennessee and others filed timely petitions for leave to intervene. Thereafter the Commission issued the corrected order of March 5, 1962, described earlier. Since the benefits of that order applied only to purchasers who had protested the May 29 order, Tennessee was denied refunds. And since Tennessee did not seek leave to intervene until November 30, 1961 (the deadline set forth in the Commission's notice of November 6, 1961), it was denied leave to intervene. Its timely petition for rehearing on these aspects of the March 5 order was denied on April 26, 1962.

Tennessee thereupon brought this petition for review which the Commission has moved to dismiss for lack of jurisdiction. The Commission says that, insofar as Tennessee is concerned, the effect of the March 5, 1962 order denying intervention was to leave outstanding the substantive provisions of the May 29 order. It points out that Tennessee did not object to the denial of intervention in its petition for rehearing, and therefore urges that this court may not now consider the propriety of that denial. Furthermore, it says, since Tennessee was denied intervention, it could not properly apply for rehearing of any substantive provisions of the order of March 5.

■ We think that under the circumstances here presented the Commission's denial of refunds made Tennessee a "party aggrieved" within the meaning of § 19(b) of the Natural Gas Act,[4] and that for reasons now to be stated the motion to dismiss this review petition for lack of jurisdiction must be denied.

The Commission urges dismissal on the authority of our decision in Public Service Comm. of State of New York v. Federal Power Comm., 109 U.S.App.D.C. 66, 284 F.2d 200 (1960). There we held "that a would-be intervenor whose application to intervene has been denied is not a party to the full proceeding upon the merits and is not aggrieved, within the statutory meaning, at the time or upon the occasion of the entry of the final order by the Commission upon the merits." A supporting reason was that a would-be intervenor "has not participated in the making of the record upon which such a final order is predicated." We think that decision is not controlling in the circumstances of the present case.

The announced purpose of the Commission proceedings in Public Service Comm. of State of New York was to determine whether certain applications for certificates of convenience and necessity should be granted or denied. Petitioner there sought intervention to oppose the applications. Having been denied intervention, it failed to seek judicial review. It was therefore a stranger to the proceedings and to the record upon which the Commission rested the final order granting the applications. Petitioner's failure to appeal from the denial of intervention did not rest upon any express or implied assurances by the Commission that the certificates would be denied. It was in these circumstances that we held that the would-be intervenor was not entitled to judicial review to protest the final order granting the certificates.

In the present case, the announced purpose of the Commission's proceedings was to determine the extent of the producers' liability for amounts collected from purchasers as costs of an invalid tax. The Commission clearly indicated

---

4. This section provides in pertinent part: "Any party to a proceeding under this act aggrieved by an order issued by the Commission in such proceeding may obtain a review of such order in the court of appeals of the United States for any circuit * * *." 15 U.S.C. § 717r(b).

throughout the proceedings that all purchasers, who were named in the dockets and were therefore not strangers to the proceedings, would be treated alike. There was no occasion for purchasers to seek more formal participation in the proceedings to protect their interests. In its final order on the merits of the proceedings, the Commission determined the extent of the producers' liability to purchasers. Tennessee, of course, supports that determination. It protests only the Commission's failure to accord equal treatment to all purchasers. Since this was the first time in the proceedings that the Commission had failed to do so, it was the first occasion upon which Tennessee could protest such action. Thus Tennessee's position is wholly unlike that of the would-be intervenor in Public Service Comm. of State of New York, supra. Tennessee was a party to these proceedings, within the statutory meaning, by virtue of its immediate, substantial, and direct interest in obtaining refunds, and the Commission's explicit recognition of this interest throughout the proceedings. We hold that Tennessee is entitled to seek judicial review of the Commission's failure to order refunds for Tennessee.

The Commission concedes that Tennessee would have been entitled to refunds if Tennessee had protested the Commission's order of May 29, 1961 and that the denial of refunds rested solely on the absence of such protest. As stated above, however, on August 30, 1961, the Commission, sua sponte, reopened the May 29 order in all the dockets before it. Assuming, without deciding, that Tennessee's right to refunds expired with its time for protesting the May 29 order, we think the effect of the Commission's action of August 30, 1961 was to revive the proceedings as to Tennessee and all other purchasers named in those dockets. It follows that the Commission's reason for denying refunds to Tennessee must fail.

Reversed and remanded for further proceedings consistent with this opinion.